SCHOOLS
Under the Oklahoma Constitution and Statutes, a board of education of an independent school district may, by contract, pay its employees a bonus in addition to the regular salary amount as may be provided for within such contract. If such bonus was paid certified employees by a board of education within the fiscal year 1976-77, such bonuses, under the provisions of House Bill 1001, First Extraordinary Session, Oklahoma Legislature (1977), should be included in determining the actual 1976-77 contractual salary amount in calculations to determine the appropriate 1977-78 salary amount, based upon the mandated salary increase. However, should the purpose for which the prior year's contract bonus was granted be stricken or eliminated from the next subsequent year's contract, such prior year's bonus should not be included in determining the prior year's total salary subject to the mandated increase. The Attorney General has considered your request for an opinion wherein you ask the following two questions: "1. Under the Oklahoma Constitution and statutes, may a Board of Education of an independent common school pay its employees a bonus in addition to and separate from existing contractual agreements? "2. If a bonus was paid certified employees by a Board of Education within the fiscal year 1976-77, must such bonus amount be included with the actual 1976-77 contractual salary amount in calculations to determine the application of HB 1001 in establishing the appropriate 1977-78 salary amount?" The boards of education of the various school districts possess considerable discretionary power and authority with regard to the contract salaries or compensation otherwise to be received by district employees with whom it contracts. Title 70 O.S. 5-117 [70-5-117] (1976), defining the various powers and duties of local boards of education, provides in part: "The board of education of each school district shall have power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the state board of education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts . . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary travel expenses. . . . ' Other statutory provisions of similar import concerning the authority of the boards of education to contract with and determine the respective compensation to be received by district employees can be found at 70 O.S. 6-101 [70-6-101] and 70 O.S. 6-106 [70-6-106] (1971). There is no express prohibition within the School Code prohibiting the payment by the governing board of education to district employees of compensation in the nature of a bonus. Indeed, a prior Opinion from this office has recognized circumstances under which a bonus payment may be made. In 4 Okl.Op.A.G. 95 (Opinion No. 71-166), issued June 28, 1971, to the State Superintendent of Public Instruction, the Attorney General was asked certain questions concerning payment for unused sick leave at the end of a fiscal year. In generally referring to the submitted question, the prior Opinion stated the following: "In our opinion, Section 85 provides broad and discretionary power to the local board of education to set the annual salaries of teachers. By implication, Section 85 would give the local board of education authority to provide, by contract with the teacher, a variable salary based upon the number of days taught during the fiscal year. There is no reason why the contract could not provide, for example, that a teacher would receive, at the end of the year, a payment in the nature of a bonus for each day which the teacher was actually at work and not on sick leave in excess of 180 days. Although such provisions in the contract would in effect be giving the teacher a bonus based upon the number of days of sick leave which were unused during the fiscal year, it is our opinion that such provisions must be made in the contract and that the sick leave plan of the local board of education cannot include payments for unused sick leave per se." (Emphasis added) This prior Opinion concluded by holding: "The board of education cannot provide, within its sick leave policy, payment for unused sick leave during the present fiscal year at termination or retirement, but, it may provide a bonus payment for the number of days actually at work by contract with the teacher, which bonus would not affect accumulated sick leave." Based upon the authorities above noted, your first question must be qualifiedly answered in the affirmative. A board of education of an independent common school district may pay its employees a bonus, provided such bonus is paid pursuant to the terms, conditions or provisions of the employment contract. Your second question asks whether, under circumstances in which a bonus was paid certified employees by a board of education within the 1976-77 fiscal year, such bonus amount must be included with the actual 1976-77 contractual salary amount in calculations to determine the application of H.B. 1001 in establishing the appropriate 1977-78 salary amount. Stated otherwise, your question appears to ask whether a prior year's bonus should be considered in calculating the previous year's salary amount in order to determine the present year's salary amount given the salary increases provided under the provisions of H.B. 1001. House Bill 1001, First Extraordinary Session, Oklahoma Legislature (1977), provides for the allocation of funds for teachers and support personnel salary increases. Section 16 of this Bill provides in relevant part: "Funds allocated in Section 6 of this Act for teacher's salary increases for fiscal year 1978 are to provide a salary increase and/or fringe benefits of Three Hundred Dollars ($300.00) for each state teacher with less than one (1) year of teaching experience and a salary increase and/or fringe benefits of Nine Hundred Dollars ($900.00) for each state teacher with one (1) or more years experience in addition to the regular increment on the current salary schedules in each local school district . . . Provided, further, if the professional staff of the board of education of a school district are using the negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item if both negotiating parties so desire." Under this Section, your second question essentially asks whether the prior year's salary, subject to increase under the provisions of Section 16, includes bonuses as may have been granted in the immediately preceding contract year. House Bill 1001, supra, does not define the word "salary", nor does it contain any specific provisions regarding prior year's compensation which may be deemed to constitute the prior year's salary subject to increase. Accordingly, the word "salary" should be construed and given that meaning as is commonly understood in everyday, ordinary affairs. First National Bank and Trust Company of Chickasha v. U.S., 462 F.2d 908 (1972). In attempting to ascertain such common and ordinary meaning and interpretation, we may be guided by meanings which have been recognized in related judicial decisions. While there appears to be no Oklahoma case specifically on point concerning the meaning of the word "salary", one Oklahoma decision has generally considered the meaning of this phrase in another context. In the case of Spearman v. Williams, Okl., 415 P.2d 597 (1966), the Supreme Court of the State of Oklahoma was called upon to interpret the words "salary" and "compensation" as those words are found within the constitutional prohibition concerning the salary limitations imposed upon legislators. In this case, the Court was called upon to determine whether or not reimbursement for expenses constituted salary or compensation so as to limit the amount of reimbursement which legislators could lawfully receive in addition to their regular salary. In this case the Supreme Court cited the case of Christopherson v. Reeves, 44 S.D. 634,184 N.W. 1015 (1921), as support for its conclusions concerning the general meaning of the word "salary". With regard to this case, the Court stated: "In Christopherson v. Reeves citation omitted, the court held that the word 'compensation' is synonymous 'with salary, pay, or emolument', and is intended to convey the idea of reward for, or compensation for official services; that it does not convey the idea of the repayment of expenditures allowable by law." At least one other decision from another jurisdiction has considered the question of whether bonuses are includable within the meaning of the word "salary". In the case of Rosen v. New York City Teacher's Retirement Board, et al., 115 N.Y. Supp.2d 263
(1952), an action was instituted by a retired school teacher against the New York City Teacher's Retirement System for a declaration that a cost of living bonus paid to the teacher in addition to her base salary would be included in her average salary for purposes of computing her respective retirement allowance. In this case, the New York Supreme Court held that the cost of living bonuses were for services to be rendered by teachers and were, therefore, "salary" within the meaning of the City Administrative Code. With regard to the meaning of the word "salary" the Court stated: "Salary in its natural and obvious sense is to be deemed its legislative meaning citation omitted, and that meaning necessarily carries with it the concept of a payment for personal services rendered or to be rendered citation omitted. The cost of living bonuses here involved were for services to be rendered by teachers employed by the board of education and were so intended and applied. Terminology cannot alter the fact that the sums represented by the so-called cost of living bonuses were appropriated for and resulted in the rendition of teaching services." As stated in answer to your first question, while the payment of bonuses may be lawful, such payment must be made pursuant to the terms, conditions and provisions of an employment contract which contemplates the giving of such bonuses. In this context, and under the authorities above cited, such bonuses would clearly appear to be a part of the regular compensation to be received by an employee, for services rendered, and would, therefore, fall within the meaning of "salary". Stated otherwise, a bonus, paid pursuant to the employment contract but paid in addition to the regular contract salary, would be includable as salary for purposes of determining the employee's total previous year's salary. However, in keeping with the authorities above noted and the apparent legislative intent giving rise to the passage of H.B. 1001, supra, should the purpose for which the previous year's bonus was granted under the previous year's contract be stricken or eliminated from the next subsequent year's contract, i.e., the deletion of a previous year's extra duty provision and deletion of a bonus therefor, such prior year's bonus should not be included in calculating the prior year's total salary which would be subject to increase under H.B. 1001, supra. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. Under the Oklahoma Constitution and Statutes, a board of education of an independent school district may, by contract, pay its employees a bonus in addition to the regular salary amount as may be provided for within such contract. If such bonus was paid certified employees by a board of education within the fiscal year 1976-77, such bonuses, under the provisions of H.B. 1001, First Extraordinary Session, Oklahoma Legislature (1977), should be included in determining the actual 1976-77 contractual salary amount in calculations to determine the appropriate 1977-78 salary amount, based upon the mandated salary increase. However, should the purpose for which the prior year's contract bonus was granted be stricken or eliminated from the next subsequent year's contract, such prior year's bonus should not be included in determining the prior year's total salary subject to the mandated increase. (R. THOMAS LAY)